IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02020-RM-KLM

JESSICA MASON,
MICHELLE CROSS,
ALLISON STEBBING, and
JAME TENCZA,
     Individually and on behalf of all others similarly situated,

     Plaintiffs,

v.

FANTASY, LLC, doing business as Fantasy Gentlemen's Club, and
KEVIN EARDLEY,

     Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Partially Unopposed Motion for Leave to File Amended Complaint** [#44][1] (the "Motion"). The Motion is referred to the undersigned for disposition [#45].[2] Defendants filed a Response [#46], and Plaintiffs filed a Reply [#50]. The Motion is now fully briefed and ripe for resolution. The Court has

---

[1] "[#44]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-cv-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (collecting cases). When an order on a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). Thus, the Court assumes that the issue is dispositive and requires a recommendation.

reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#44] be **GRANTED in part and DENIED in part**.

## I. Background

Plaintiffs seek leave to amend the Complaint to add Plaintiffs who have joined the lawsuit since the filing of the Complaint, to add "factual allegations based on newly acquired information," and to add legal claims based on alleged retaliatory conduct by Defendants after the filing of the Complaint. *Motion* [#44] at 2. Defendants do not oppose adding the names and statements of Plaintiffs who have joined this lawsuit since the filing of the Complaint, but they oppose the rest of Plaintiffs' Motion. *Response* [#46] at 1-2. To the extent that the Motion is unopposed, the Court finds that the amendment should be permitted. *See Notices of Consent to Join* [#9, #10, #17, #20, #21, #22, #32, #33].

Regarding the remainder of the Motion, the deadline for joinder of parties and amendment of pleadings was March 5, 2014. *Minute Order* [#31]. Thus, Plaintiffs' Motion [#44], filed on June 27, 2014, is untimely. Accordingly, Plaintiffs must provide good cause for their failure to timely move for amendment pursuant to Fed. R. Civ. P. 16(b)(4). If good cause is shown, the Court next considers any arguments raised by the parties related to whether justice would be served by amendment. Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants argue that Plaintiffs have failed to meet the good-cause requirement of

Fed. R. Civ. P. 16(b) for amendment of deadlines in the Scheduling Order. *Response* [#46]

at 5. In the Motion, Plaintiffs appear to understand this requirement:

> Notwithstanding Fed. R. Civ. P. 15 and its liberal application, Plaintiffs must show good cause under Fed. R. Civ. P. 16(b) to amend a complaint after the Scheduling Order's deadline has passed. While Rule 16(b) "provides that schedules shall not be modified except upon a showing of good cause and by leave of the district judge . . . total inflexibility is undesirable." *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (citations omitted). As this court recently ruled, "the moving party must show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Wright v. Twin City Fire Ins. Co.*, 2014 U.S. Dist. LEXIS 75983, 19 (D. Colo. June 3, 2014) (citations omitted).

*Motion* [#44] at 3. Plaintiffs then argue in the Motion that they have met this standard. *See*

*id.* at 4 ("Plaintiffs have good cause under Fed. R. Civ. P. 16(b) to add relevant facts

acquired after the filing of this lawsuit."), 5 ("Plaintiffs have good cause under Fed. R. Civ.

P. 16(b) to amend the Complaint to add legal claims based on Defendants' retaliatory post-

filing conduct."). However, in the Reply Plaintiffs contradict their original stance regarding

the law governing their request for leave to amend:

> As an initial matter, Defendants argue in their Response to Plaintiffs' Motion that Plaintiffs "have failed to demonstrate the 'good cause' for amendment required by the Scheduling Order and F.R.C.P. 16(b)." Def. Resp. [Doc. 46] at 5. In the Tenth Circuit, however, the controlling standard when a party seeks to amend pleadings after a deadline in a scheduling order has passed is, simply, the liberal standard of Fed. R. Civ. P. 15(a), not the stricter 'good cause' standard of Rule 16(b). *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009) ("Most circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' standard are implicated. . . . This circuit, however, has not ruled on that question in the context of an amendment to an existing pleading."); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) ("We do not decide whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements."); *see also D.R. Horton, Inc. v. Travelers Indem. Co. of Am.*, 281 F.R.D. 627, 629-30 (D. Colo. 2012);

*Rogers v. Wesco Props., LLC*, No. 10-cv-01854, 2012 U.S. Dist. LEXIS 40419, 2012 WL 1018431, at *3 (D. Colo. Mar. 26, 2012) (analyzing solely by Rule 15(a) standard on ground that Tenth Circuit has not ruled that Rule16(b) should be considered).

*Reply* [#50] at 1-2. Plaintiffs conclude that "[t]he proper analysis here, therefore, is whether Plaintiffs are entitled to leave to amend their Complaint under Fed. R. Civ. P. 15(a)." *Id.* at 2.

The Court is not obligated to entertain arguments raised by a moving party for the first time in a reply, such as the argument here that Plaintiffs need not meet the Rule 16(b) standard. *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002) (stating that "we [do not] consider arguments raised for the first time in a reply brief"). This is especially true when argument presented in a reply contradicts argument presented by the same party in an original motion.

Plaintiffs do not contend that they have met the March 5, 2014 deadline for joinder of parties or amendment of pleadings. *See Minute Order* [#31]. Numerous courts have noted, and the undersigned agrees, that a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *See, e.g.*, *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (citations omitted). Scheduling Order deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). To demonstrate good cause pursuant to Rule 16, the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 1009) (citation omitted); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). "Properly construed, 'good cause'

means that scheduling deadlines cannot be met despite a party's diligent efforts . . . .

Carelessness is not compatible with a finding of diligence and offers no reason for a grant

of relief." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000)

(internal quotation and citation omitted); *accord Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d

599, 604 (10th Cir. 1997) (holding that "total inflexibility is undesirable" in the context of a

motion to adopt a new scheduling order).

      The decision to modify the Scheduling Order "is committed to the sound discretion

of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also*

*Anderson v. Seven Falls Co.*, No. 2013 WL 3771300, at *8 (D. Colo. July 18, 2013); *Benton*

*v. Avedon Eng'g, Inc.*, No. 10-cv-01899-RBJ-KLM, 2013 WL 1751886, at *1 (D. Colo. April

23, 2013).   While "the [Scheduling Order] defines a lawsuit's boundaries in the trial court

and on appeal, 'total inflexibility is undesirable.'" *Summers*, 132 F.3d at 604 (citations

omitted).   However, the Court notes that a scheduling order plays an important role in the

management of a case and should not be unnecessarily amended. *Cf. Washington*, 197

F.R.D. at 441 (noting that a "scheduling order is an important tool necessary for the orderly

preparation of a case for trial"); *Rent-a-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215

F.R.D. 100, 101 (S.D.N.Y. 2003) (stating that "scheduling orders are designed to offer a

degree of certainty in pretrial proceedings, ensuring that at some point both the parties and

the pleadings will be fixed and the case will proceed").

      As noted above, "[p]roperly construed, 'good cause' means that scheduling

deadlines cannot be met despite a party's diligent efforts . . . .   Carelessness is not

compatible with a finding of diligence and offers no reason for a grant of relief." *Colo.*

*Visionary Acad.*, 194 F.R.D. at 687 (internal quotation and citation omitted).   Plaintiffs

assert that the additional facts they seek to add were not discovered and the claims they seek to add did not accrue or were not deemed viable until after the filing of the original Complaint.  *Motion* [#44] at 4-7.  However, Plaintiffs fail to assert that these facts were not known until after the March 5, 2014 deadline for joinder of parties and amendment of pleadings.  Rather, the opposite appears true.  *See, e.g.*, *Motion* [#44] at 4-7.

Plaintiffs' only proffered reason for delaying nearly four months before filing the Motion (from March 5, 2014, to June 27, 2014, approximately five weeks before the close of discovery on August 4, 2014) was that the parties were engaged in settlement negotiations.  *Reply* [#50] at 3-4.  Regardless, Plaintiffs' failure to take action to protect their interests during the period allowed by the Scheduling Order does not demonstrate diligence.  While the Court is sympathetic to counsel's desire to conserve client resources, the Court cannot conclude that Plaintiffs' actions establish that they were diligent.  For example, if Plaintiffs anticipated engaging and continuing to engage in mediation to resolve their claims, they could have sought further extension of the deadline for joinder of parties and amendment of pleadings prior to its expiration in order to preserve their ability to amend the Complaint if mediation did not result in settlement of their claims.  They did in fact understand that they should do this, as they sought and received one extension of this same deadline from January 17, 2014, to March 5, 2014.  *Unopposed Motion to Amend Scheduling Order Regarding Joinder/Amendment Deadline* [#29]; *Minute Order* [#31].  They provide no reason as to why they did not seek another extension due to ongoing mediation activity.  The Court therefore finds that Plaintiffs have failed to provide good cause and thus fail to meet the Rule 16(b) standard for permitting amendment of the deadline for joinder of parties and amendment of pleadings at this late stage of the case.

For the reasons stated above,

IT IS HEREBY **RECOMMENDED** that the Motion [#44] be **GRANTED in part** and **DENIED in part**. It is **recommended** that the Motion be **granted** to the extent it is unopposed and allows for the addition as named Plaintiffs of all persons who have filed the Consent to Join forms on the docket. It is **recommended** that the Motion be **denied** as to all other relief sought.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.  72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  September 24, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge