**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 13-cv-02020-RM-KLM

JESSICA MASON,
MICHELLE CROSS,
ALLISON STEBBING,
THE ESTATE OF JAMIE TENCZA,
ANDREA CONDE,
CIERRA SUTTON,
BRICKELL CLARK,
SIREEN FORTENBERRY,
ALLISON HAMEL,
RHEA WILSON,
GEORGINA SANTICH, and
AIMEE TRUMPEY

      Plaintiffs,

v.

KEVIN EARDLEY, and
FANTASY, LLC

      Defendants.

_____

**JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT**
_____

The Parties, by and through counsel, request that this Court issue an Order approving their proposed settlement of Plaintiffs' Fair Labor Standards Act ("FLSA") claims, negotiated with the assistance of United States Magistrate Judge Kristen L. Mix. The proposed settlement is attached hereto as Exhibit 1.

### STANDARD FOR APPROVAL

Proposed compromises of FLSA claims must be approved by the Court to ensure that negotiated settlements do not thwart the Act's purpose—to ensure that "all our

able-bodied working men and women [receive] a fair day's pay for a fair day's work."[1] Parties wishing to settle FLSA claims via compromise "must present any proposed settlement to the district court for review and a determination of whether the settlement agreement is fair and reasonable." *Baker v. Vail Resorts Mgmt. Co.,* No. 13-CV-01649-PAB-CBS, 2014 WL 700096, *1 (D. Colo. Feb. 24, 2014) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). "Requiring court approval of FLSA settlements effectuates the purpose of the statute, which is to 'protect certain groups of the population from substandard wages and excessive hours... due to the unequal bargaining power as between employer and employee.'" *Baker*, 2014 WL at *1 (citing *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706 (1945). To approve a compromised settlement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees. *Baker*, 2014 WL at *1.

### I. This Action Involves a *Bona Fide* Dispute and the Settlement Agreement Provides for Substantial Recovery.

Parties requesting approval of a compromise of claims brought under the FLSA must provide the Court with sufficient information to determine whether a bona fide dispute exists justifying the compromise. *Id.* (citing *Dees v. Hydradry, Inc.,* 706 F.Supp.2d 1227, 1234 (M.D.Fla.2010)). Where no *bona fide* dispute exists, the parties may not compromise a plaintiff's entitlement to recovery of her full actual damages,

---

[1] Letter to Congress from President Franklin D. Roosevelt (May 24, 1937) (reprinted in H.R.Rep. No. 101–260 (Sept. 26, 1989), 1989 U.S.C.C.A.N. 696–97); *see also, Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1246 (M.D.Florida, 2010)("To combat the typically unequal bargaining power between employer and employee, Congress prohibits a private agreement altering FLSA rights. An employee entitled to FLSA wages may compromise his claim only under the supervision of either the Department of Labor or the district court.").

liquidated damages and a reasonable attorney fee. *Dees,* 706 F. Supp. 2d at 1236 (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir.1982)("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.").

Parties seeking approval of an FLSA settlement may establish that a bona fide dispute exists by presenting: "(1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage." *Baker*, 2014 WL at *1.

Here, summary judgment was awarded to Plaintiffs on Plaintiffs' claim that they were employees (not independent contractors); that the Defendants were employers; and that the Defendants violated the FLSA by failing to pay Plaintiffs the appropriate minimum wage. A *bona fide* dispute exists, however, as to the willfulness of Defendants' violations, which would extend the statute of limitations for recovery by an additional year. Defendants assert that their conduct was not willful and Plaintiffs' claims must be based upon a two year statute of limitations. Plaintiffs assert that Defendants "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA," by intentionally misclassifying Plaintiffs as independent contractors to withhold minimum wages. *Pabst v. Okl. Gas & Elec. Co., 228 F.3d 1128, 1137 (10th Cir. 2000)*

(internal quotation and citation omitted). Defendants dispute the damages claimed by Plaintiffs, particularly the number of hours worked.

Because Defendants assert that an award of Plaintiffs' full alleged damages would precipitate Defendants' filing for bankruptcy, the Agreement provides for substantial recovery of Plaintiffs' alleged actual damages, plus recovery of a reasonable attorney fee. For this reason, the parties submit that the *bona fide* dispute in this case justifies the parties' compromise which will result in Plaintiffs' substantial recovery of their actual damages, plus a reasonable attorney fee.

## II.   The Proposed Settlement is Fair and Equitable to All Parties.

Plaintiffs and Defendants agree that their settlement of this case represents a fair and reasonable resolution to their disputes. Courts consider the following factors when determining whether an FLSA settlement is fair and reasonable and should be approved:

> (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.

*Baker*, 2014 WL at *2 (citing *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002)).

Here, Plaintiffs, through their counsel, and Defendants, through their counsel, engaged in extended negotiations regarding Defendants' liability and Plaintiffs' damages. The parties negotiated their settlement at arm's length and in good faith with the assistance of Magistrate Judge Mix.

Plaintiffs, with the support of their counsel, have concluded that the prospect and value of immediate recovery through the parties' settlement outweighs the risk that Defendants might enter bankruptcy, thereby staying and/or materially reducing Plaintiffs' recovery. For these reasons, it is the opinion of the parties that the settlement is fair and reasonable.

To find that an FLSA settlement is fair and reasonable, the Court must also determine whether the settlement agreement undermines the purpose of the FLSA, which is to protect employees' rights from employers who generally wield superior bargaining power. *Baker*, 2014 WL at *2. To determine whether a settlement agreement complies with the FLSA, courts look at the following factors: (1) presence of other similarly situated employees; (2) a likelihood that plaintiff's circumstances will recur; and (3) whether defendants had a history of non-compliance with the FLSA. *Baker*, 2014 WL at *2. (citing *Dees v. Hydradry, Inc.,* 706 F.Supp.2d 1227, 1244 (M.D.Fla. 2010)).

Here, the Plaintiffs have determined that it is in their best interest to accept a compromise settlement in order to avoid the risks associated with collection of a verdict from Defendants who have previously filed for bankruptcy and have stated that they intend to do so again; no other employees have filed a consent to join the lawsuit; and Plaintiffs are no longer employed by Defendants. For these reasons, the parties submit that the settlement will not contravene the policies of the FLSA.

**III.    The Proposed Settlement Includes a Reasonable Attorney Fee.**

The district court must "review ... the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."

*Dees,* 706 F. Supp. 2d at 1243. FLSA attorney fee awards are contingent on a successful litigation outcome. Such "contingency fees provide access to counsel for individuals who would otherwise have difficulty obtaining representation... and transfer a significant portion of the risk of loss to the attorneys taking a case. Access to the courts would be difficult to achieve without compensating attorneys for that risk." *Capsolas v. Pasta Res. Inc.,* 10-CV-5595 RLE, 2012 WL 4760910 (S.D.N.Y. Oct. 5, 2012) (internal citation omitted). Many individual litigants, including the plaintiffs here, "cannot afford to retain counsel at fixed hourly rates... yet they are willing to pay a portion of any recovery they may receive in return for successful representation." *Id.*

Plaintiffs here have recovered a substantial portion of the monies they could hope to recover had the case proceeded through trial and had they prevailed completely on all their claims. Plaintiffs have thus achieved a high degree of success. Further, the parties agree that their settlement addresses Plaintiffs' recovery separately from and independently of attorney fees considerations. The parties agree that Plaintiffs' recovery was not influenced by the issue of attorney fees. Plaintiffs' counsel, KILLMER, LANE & NEWMAN LLP ("KLN"), has been litigating this case since 2013. When Defendants filed for bankruptcy in 2015, Plaintiffs' counsel was forced to retain bankruptcy counsel, SPENCER FANE BRITT & BROWNE LLP, which will be paid a percentage of the attorney fee that would otherwise have been paid to KLN. In other words, Plaintiffs' counsel KLN is reducing its contingent fee by 10%, which will be paid instead to bankruptcy counsel; there has been no reduction in Plaintiffs' recovery in order to pay bankruptcy counsel. The total settlement of $500,000.00 provides for a $150,000 contingency attorney fee to KILLMER, LANE & NEWMAN LLP, and a $50,000 contingency attorney fee to SPENCER FANE

BRITT & BROWNE LLP, to compensate for the risk taken by Plaintiffs' counsel in accepting the case on a contingency fee basis, and the four years that counsel for Plaintiffs spent litigating this case and negotiating the settlement.

WHEREFORE, the parties respectfully request that this Court enter the attached proposed Order granting the instant Joint Motion for Court Approval of Settlement, approving the Settlement and Release Agreement, entering a stipulated judgment in this case, and granting any further relief the Court deems just and proper.

DATED this 24th day of January 2017.

           KILLMER, LANE & NEWMAN, LLP

           *s/ Mari Newman*

           _____
           Mari Newman
           Dunia Dickey
           1543 Champa Street, Suite 400
           Denver, CO 80202
           (303) 571-1000
           (303) 571-1001 fax
           mnewman@kln-law.com
           ddickey@kln-law.com

           *Counsel for Plaintiffs*

           JESTER GIBSON & MOORE, LLP

           *s/ Marcel Krzystek*

           _____
           Marcel Krzystek, Esq.
           1999 Broadway, Suite 3225
           Denver, CO 80202
           (303) 377-7888
           mkrzystek@jgllp.com

           *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on January 24, 2017, a true and correct copy of the foregoing **PARTIES' JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT** was served via CM/ECF to the following:

Marcel Krzystek, Esq.
Brian T. Moore, Esq.
Jester Gibson & Moore, LLP
1999 Broadway, Suite 3225
Denver, CO 80202
mkrzystek@jgllp.com
bmoore@jgllp.com

*Counsel for Defendants*

                                           *s/ Jesse Askeland*
                                           Killmer, Lane & Newman, LLP