## SETTLEMENT AGREEMENT AND GENERAL RELEASE

### I.   PARTIES AND DEFINITIONS:

The Parties to this Settlement Agreement and General Release ("Agreement") are:

**A.**   Jessica Mason, Michelle Cross, Allison Stebbing, the Estate of Jamie Tencza, Andrea Conde, Cierra Sutton, Brickell Clark, Sireena Fortenberry Strong, Allison Hamel, Rhea Wilson, Georgina Santich, and Aimee Trumpey (collectively "Dancers"); and

**B.**   Kevin Eardley ("Eardley"), Fantasy, LLC ("Fantasy"), Betty Lehr ("Lehr"), and North Valley LLC (collectively "Defendants").

The effective date of this Agreement ("Effective Date") shall be the date upon which a composite of this Agreement executed by each Plaintiff and their counsel is first circulated, by email, among the attorneys whose signatures lines appear below.

### II.   RECITALS:

**A.**   The Dancers have made certain claims against Eardley and Fantasy, LLC with respect to the Dancers' working conditions at Fantasy, LLC, also known as Fantasy Gentlemen's Club. Eardley is the sole owner and operator of Fantasy, LLC, all as more particularly described in the Second Amended and Verified Complaint and Jury Demand filed in the United States District Court for the District of Colorado ("District Court"), Case Number 2013-cv-02020-RM-KLM ("Dancers' Lawsuit"). During the pendency of this claim, Eardley (through 2257 Colex, LLC, the limited liability company that owned the property upon with Fantasy operates), conveyed the property to Eardley's mother, Betty Lehr, which then conveyed it to North Valley, LLC. Betty Lehr is the sole owner of North Valley, LLC.

**B.**   On July 27, 2015, the United States District Court for the District of Colorado ruled that the Dancers were employees, not independent contractors, within the meaning of the Federal Fair Labor Standards Act ("FLSA"), and that Defendants Eardley and Fantasy violated the FLSA by failing to pay Plaintiffs a minimum wage. The decision is reported at *Mason v. Fantasy, LLC*, Civil Action No. 13-cv-02020-RM-KLM, 2015 U.S. Dist. LEXIS 97640, at *37 (D. Colo. July 27, 2015).

**C.**   In order to avoid further litigation expense, and without admission of liability by any party, the Parties desire to mutually and amicably settle all claims and controversies presently existing between them, as more specifically set forth below on the terms and conditions of this Agreement.

### III.   COVENANTS:

In consideration of the mutual covenants set forth herein, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

**A.**     Subject to the complete performance of this Agreement by Defendants, the Dancers, for themselves, their heirs, beneficiaries, executors, personal representatives, administrators, legal representatives, agents, attorneys and assigns, hereby forever release and discharge the Defendants, their parent companies, subsidiaries, affiliates, successors, predecessors, assigns, patrons and their present and former agents, employees, officers, directors, attorneys, patrons and representatives ("the Released Parties"), from each and every claim of any kind, including attorney's fees, which they may now have, or claims at any future time to have at any time up through the date of the full execution of this Agreement, arising out of the Dancers' Lawsuit. This Agreement applies to all such claims, known or unknown, whether negligent or intentional. Without limiting the generality of the foregoing, this Agreement also applies to any and all such matters asserted, or which could have been asserted, in this dispute, or in any other state or federal judicial or administrative forum, including but not limited to the Equal Employment Opportunity Commission, up to the Effective Date. Specifically, but not by way of limitation, it includes all claims or allegations asserted or which could have been asserted by the Dancers or on their behalf in the Dancers' Lawsuit.

**B.**     Subject to the complete performance of this Agreement by the Dancers, Defendants hereby release and discharge the Dancers, their heirs, beneficiaries, executors, personal representatives, administrators, legal representatives, agents, attorneys and assigns, from any and all causes of action, actions, judgments, liens, indebtedness, damages, losses, claims, liabilities and demands of whatsoever kind and character, in any matter up to the Effective Date.

**C.**     The parties understand and expressly agree that this Agreement extends to all claims of every nature and kind, known or unknown, suspected or unsuspected, past, present, or future, arising from, relating or attributable to any alleged act of any of the Parties or any event occurring prior to the Effective Date, referred to herein or not.

**D.**     The Parties understand and expressly agree that this Agreement shall bind and benefit the heirs, beneficiaries, administrators, successors, and assigns of the Dancers and Defendants, and each of them.  The Parties further represent that they have full and exclusive authority to release, discharge and covenant not to sue each other pursuant to the terms of this Agreement, and that they have not assigned or transferred in any way any claims against each other.

**E.**     In consideration of the promises and releases set forth in this Agreement,

**1.**     Defendants shall deliver to Killmer, Lane & Newman, LLP cashier's checks, certified checks, or equivalents, each reflecting solely the name or names of one or more of the Defendants as remitter, and each made payable to KILLMER, LANE & NEWMAN, LLP COLTAF Trust Account as follows:

**a.**     One Hundred Fifty Thousand and No/100 Dollars ($150,000.00) on or before March 18, 2017;

     **b.**    One Hundred Fifty Thousand and No/100 Dollars ($150,000.00 on or before April 18, 2017;

     **c.**    One Hundred Fifty Thousand and No/100 Dollars ($150,000.00) on or before May 18, 2017; AND

     **d.**    Fifty Thousand and No/100 Dollars ($50,000.00) to be paid on or before June 18, 2017.

     **F.**    As security for the payments set forth in Paragraph III.E., above, and any judgment entered pursuant to Paragraph III.I., below, Defendants shall deliver to Killmer, Lane & Newman, LLP, contemporaneously with their execution of this agreement:

     **1.**    a promissory note, payable to Killmer, Lane & Newman, LLP, in the form attached hereto as Exhibit A, executed by Eardley, Fantasy, LLC, Lehr, and North Valley LLC, jointly and severally ("Note");

     **2.**    a deed of trust on the properties located at 2256 Colex Drive, Grand Junction, Colorado, and 2258 Colex Drive, Grand Junction, Colorado, (together, "the Properties") in the form attached hereto as Exhibit B, executed by Lehr and North Valley LLC ("Deed of Trust"); and

     **3.**    A stipulation for entry of judgment which shall be held by Plaintiffs' counsel and may be filed if, and only if, Defendants fail to make one or more payments in full required under this Agreement, and such failure continues beyond the notice and cure periods set forth herein. Upon the filing of the stipulation for entry of judgment, the Court shall enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs, in the amount of one and one-half (1.5) times the balance that remains due at the time of default.

Killmer, Lane & Newman, LLP shall cause the Deed of Trust to be recorded in the Office of the Clerk and Recorder of Mesa County, Colorado.

     **G.**    Lehr represents that as of the Effective Date, the Properties are titled in the name of and North Valley LLC, of which she is the sole owner, and are subject to no deeds of trust or other consensual liens. After the Effective Date, Lehr shall not execute any deed of trust or consensual lien in respect to the Properties until all payments required by this Agreement have been made. Within fourteen (14) days after the last payment required under this Agreement has been made, Killmer, Lane, & Newman, LLP shall release the Deed of Trust and return the original Note to Defendants' counsel.

3

**H.**     In the event of prepayment by Defendants of any settlement amounts under Paragraph III.E, there shall be no penalty and no acceleration of future payments due under the schedule in Paragraph III.E.

In the event that Defendants fail to timely make any of the above payments, the Dancers or their counsel shall so notify attorney Marcel Krzystek, Esq. (by email at: mkrzystek@jgllp.com) and Defendants shall have ten (10) days from the date such notice is given within which to make payment. Should Defendants fail to make payment within ten days of the date such notice was given, Defendants voluntarily confess to the entry of judgment against them as set forth in Section III.F(3) above  and Exhibit 1 attached hereto, jointly and severally, in the Dancers' Lawsuit (or the Denver District Court as set forth below) in the amount of 1.5 times the balance that remains due at the time of default.  Said judgment shall provide that the Dancers shall also be entitled to interest at the rate of 8% per annum, compounded annually, from the date of default, along with all of their costs and attorney's fees arising out of their efforts to collect the judgment.

**I.**     The Parties shall jointly request that the Dancers' Lawsuit be held in abeyance and administratively closed, pending Defendants' performance of their obligations under this Agreement.  In the event that the District Court declines such abeyance and administrative closure and requires dismissal of the Dancers' Lawsuit, Defendants hereby consent to the jurisdiction of the Denver District Court for purposes of enforcement of this Agreement, including the entry of judgment as set forth above.

**J.**     After Defendants have fully satisfied their obligations under this Agreement and Note is paid in full, the Parties will file a joint motion to dismiss with prejudice all claims in the Dancers' Lawsuit, if it has not already been dismissed.

**K.**     Except as set forth in Paragraph III.H. above, and in the Note and Deed of Trust, each Party will bear his, her or its own costs and attorneys' fees and costs in connection with this matter.

**L.**     This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any Party hereto.

**M.**     This Agreement constitutes the entire understanding and agreement among the Dancers and Defendants, and supersedes any other agreement by or among them. Any modification of this Agreement must be in writing and signed by all Parties.

**N.**     The Parties understand that this is the final and exclusive Settlement Agreement of all possible claims arising out of the matters described in Section II above.  The Parties are relying on no promises, guarantees, representations, written or oral, expressed or implied, outside of this Agreement; rather, each Party in entering into this Agreement relies solely on the terms of this Agreement and the legal remedies for breach of contract, which may be available, if any Party fails to fulfill any obligation under this Agreement.

4

**O.**   The Parties represent that they have read this Agreement, discussed it with their respective attorneys, and understand each of the terms of this Agreement.  The Parties further represent that they have entered into the settlement and executed this Agreement voluntarily and willingly.

**P.**   This Agreement may be executed in multiple identical counterparts, which, when considered together, shall constitute the entire agreement of the Parties. Further, the Parties may exchange signatures through facsimiles of optical scanned copies of the original signatures, and such reproduced signatures will be as effective as the originals.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**By Plaintiffs:**

_____          _____
Jessica Mason                            Dated


_____          _____
Michelle Cross                           Dated


_____          _____
Allison Stebbing                         Dated


_____          _____
Sharon Varrieur, as Personal Representative   Dated
of the Estate of Jamie Tencza


_____          _____
Andrea Conde                             Dated


_____          _____
Cierra Sutton                            Dated


_____          _____1/26/17_____
Brickell Clark                           Dated


_____          _____
Georgina Santich                         Dated


_____          _____
Sireena Fortenberry Strong               Dated


_____          _____
Aimee Trumpey                            Dated


_____          _____
Rhea Wilson                              Dated


_____          _____
Allison Hamel                            Dated

6

Jessica Mason                                         Dated

Michelle Cross                                        Dated

Allison Stebbing                                      Dated

Sharon Varrieur, as Personal Representative           Dated
of the Estate of Jamie Tencza

                                                      1-27-17
Andrea Conde                                          Dated

Cierra Sutton                                         Dated

Brickell Clark                                        Dated

Georgina Santich                                      Dated

Sireena Fortenberry Strong                            Dated

Aimee Trumpey                                         Dated

Rhea Wilson                                           Dated

Allison Hamel                                         Dated

**By Plaintiffs:**

| | |
|---|---|
| Jessica Mason | Dated |
| _Michelle Cross_ | 5 Feb 2017<br>Dated |
| Allison Stebbing | Dated |
| Sharon Varrieur, as Personal Representative<br>of the Estate of Jamie Tencza | Dated |
| Andrea Conde | Dated |
| Cierra Sutton | Dated |
| Brickell Clark | Dated |
| Georgina Santich | Dated |
| Sireena Fortenberry Strong | Dated |
| Aimee Trumpey | Dated |
| Rhea Wilson | Dated |
| Allison Hamel | Dated |

**By Plaintiffs:**

_____     _____
Jessica Mason                       Dated

_____     _____
Michelle Cross                      Dated

_____     _____
Allison Stebbing                    Dated

_____     _____
Sharon Varrieur, as Personal Representative    Dated
of the Estate of Jamie Tencza

_____     _____
Andrea Conde                        Dated

_____     _____
Cierra Sutton                       Dated

_____     _____
Brickell Clark                      Dated

_____     _____
Georgina Santich                    Dated

_____     _____
Sireena Fortenberry Strong          Dated

_____     _____
Aimee Trumpey                       Dated

_____     _____
Rhea Wilson                         Dated

_____     _____
Allison Hamel                       Dated        01/24/2017

6

**By Plaintiffs:**

_____     _____
Jessica Mason                       Dated  1/27/7

_____     _____
Michelle Cross                      Dated

_____     _____
Allison Stebbing                    Dated

_____     _____
Sharon Varrieur, as Personal Representative    Dated
of the Estate of Jamie Tencza

_____     _____
Andrea Conde                        Dated

_____     _____
Cierra Sutton                       Dated

_____     _____
Brickell Clark                      Dated

_____     _____
Georgina Santich                    Dated

_____     _____
Sireena Fortenberry Strong          Dated

_____     _____
Aimee Trumpey                       Dated

_____     _____
Rhea Wilson                         Dated

_____     _____
Allison Hamel                       Dated

6

**By Plaintiffs:**

Jessica Mason
_____

Dated
_____

Michelle Cross
_____

Dated
_____

Allison Stebbing
_____

Dated
_____

Sharon Varrieur, as Personal Representative
of the Estate of Jamie Tencza
_____

Dated
_____

Andrea Conde
_____

Dated
_____

Cierra Sutton
_____

Dated
_____

Brickell Clark
_____

Dated
_____

Georgina Santich
_____

Dated   01 | 24 | 2017
_____

Sireena Fortenberry Strong
_____

Dated
_____

Aimee Trumpey
_____

Dated
_____

Rhea Wilson
_____

Dated
_____

Allison Hamel
_____

Dated
_____

6

**By Plaintiffs:**

_____     _____
Jessica Mason                 Dated


_____     _____
Michelle Cross                Dated

_____     1-24-17_____
Allison Stebbing              Dated


_____     _____
Sharon Varrieur, as Personal Representative   Dated
of the Estate of Jamie Tencza


_____     _____
Andrea Conde                  Dated


_____     _____
Cierra Sutton                 Dated


_____     _____
Brickell Clark                Dated


_____     _____
Georgina Santich              Dated


_____     _____
Sireena Fortenberry Strong    Dated


_____     _____
Aimee Trumpey                 Dated


_____     _____
Rhea Wilson                   Dated


_____     _____
Allison Hamel                 Dated


6

**By Plaintiffs:**

_____          _____
Jessica Mason                              Dated

_____          _____
Michelle Cross                             Dated

_____          _____
Allison Stebbing                           Dated

_____          _____
Sharon Varrieur, as Personal Representative   Dated
of the Estate of Jamie Tencza

_____          _____
Andrea Conde                               Dated

_____          _____
Cierra Sutton                              Dated

_____          _____
Brickell Clark                             Dated

_____          _____
Georgina Santich                           Dated

_____          1/23/2017
Sireena Fortenberry Strong                 Dated

_____          _____
Aimee Trumpey                              Dated

_____          _____
Rhea Wilson                                Dated

_____          _____
Allison Hamel                              Dated

**By Plaintiffs:**

_____     Dated _____
Jessica Mason

_____     Dated _____
Michelle Cross

_____     Dated _____
Allison Stebbing

_____     Dated _____
Sharon Varrieur, as Personal Representative
of the Estate of Jamie Tencza

_____     Dated _____
Andrea Conde

Cierra Sutton                                    2/7/17
_____     Dated _____
Cierra Sutton

_____     Dated _____
Brickell Clark

_____     Dated _____
Georgina Santich

_____     Dated _____
Sireena Fortenberry Strong

_____     Dated _____
Aimee Trumpey

_____     Dated _____
Rhea Wilson

_____     Dated _____
Allison Hamel

**By Plaintiffs:**

| | |
|---|---|
| Jessica Mason | Dated |
| Michelle Cross | Dated |
| Allison Stebbing | Dated |
| Sharon Varrieur, as Personal Representative of the Estate of Jamie Tencza | Dated |
| Andrea Conde | Dated |
| Cierra Sutton | Dated |
| Brickell Clark | Dated |
| Georgina Santich | Dated |
| Sireena Fortenberry Strong | Dated |
| Aimee Trumpey | 1-30-17    Dated |
| Rhea Wilson | Dated |
| Allison Hamel | Dated |

**By Plaintiffs:**

| | |
|---|---|
| _____ | _____ |
| Jessica Mason | Dated |
| _____ | _____ |
| Michelle Cross | Dated |
| _____ | _____ |
| Allison Stebbing | Dated |

*Sharon Varrieur*      2-2-17

Sharon Varrieur, as Personal Representative    Dated
of the Estate of Jamie Tencza

| | |
|---|---|
| _____ | _____ |
| Andrea Conde | Dated |
| _____ | _____ |
| Cierra Sutton | Dated |
| _____ | _____ |
| Brickell Clark | Dated |
| _____ | _____ |
| Georgina Santich | Dated |
| _____ | _____ |
| Sireena Fortenberry Strong | Dated |
| _____ | _____ |
| Aimee Trumpey | Dated |
| _____ | _____ |
| Rhea Wilson | Dated |
| _____ | _____ |
| Allison Hamel | Dated |

6

**By Plaintiffs:**

_____     Dated _____
Jessica Mason

_____     Dated _____
Michelle Cross

_____     Dated _____
Allison Stebbing

_____     Dated _____
Sharon Varrieur, as Personal Representative
of the Estate of Jamie Tencza

_____     Dated _____
Andrea Conde

_____     Dated _____
Cierra Sutton

_____     Dated _____
Brickell Clark

_____     Dated _____
Georgina Santich

_____     Dated _____
Sireena Fortenberry Strong

_____     Dated _____
Aimee Trumpey

_____     Dated 1, 25, 2017
Rhea Wilson

_____     Dated _____
Allison Hamel

**By Defendants:**


_Kevin Eardley_                           _1-27-2017_
Kevin Eardley                             Dated

Fantasy, LLC

_Kevin Eardley, sole and managing member_   _1-27-2017_
Kevin Eardley, sole and managing of Fantasy LLC Dated
member of Fantasy, LLC

_Betty Lehr; sole owner_                  _1/27/2017_
Betty Lehr                                Dated


_Betty Lehr, sole owner of North Valley, LLC_   _1/27/2017_
Betty Lehr, sole owner of North Valley LLC    Dated

7

**Approved as to Form:**

**For Plaintiffs:**

_____     Dated 1 / 30 / 2017

Mari Newman
Darold W. Killmer
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street Suite 400
Denver, CO 80202
(303) 571-1000
(303) 571-1001
mnewman@kln-law.com
dkillmer@kln-law.com


**For Defendants:**

_____     Dated 1 / 30 / 17

Marcel Krzystek
Brian T. Moore
JESTER GIBSON & MOORE, LLP
1999 Broadway, Suite 3225
Denver, CO 80202
(303) 377-7888
mkrzystek@jgllp.com
bmoore@jgllp.com

8