IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02020-RM-KLM

JESSICA MASON, *et al.*,

    Plaintiffs,

v.

FANTASY, LLC, doing business as Fantasy Gentlemen's Club, and
KEVIN EARDLEY,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Joint Motion for Court Approval of Settlement** [#136][1] (the "Motion"). The Motion has been referred to the undersigned for final determination pursuant to D.C.COLO.LCivR 72.3. *See* [#139]. The parties request that the Court approve a proposed settlement agreement, which resolves Plaintiffs' claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Based on the following, the Motion [#136] is **GRANTED in part and DENIED without prejudice in part**.

In the context of a private lawsuit brought by an employee against an employer under section § 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and

---

[1] "[#136]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)); *see also Sculte, Inc. v. Gandi*, 328 U.S. 108, 113 n.8 (1946); *Jarrad v. Se. Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

## I. Analysis

In *Baker v. Vail Resorts Management Company*, No. 13-cv-01649-PAB-CBS, 2014 WL 700096, at *3 (D. Colo. Feb. 24, 2014), the Court held that "[t]o approve the settlement agreement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees." To demonstrate those factors, parties must generally describe the nature of and facts at issue in the action, show that the proposed settlement provides adequate compensation to the plaintiff, and provide for reasonable attorney's fees in the proposed settlement. *Id.* at *3-8. The Court addresses each of these factors in turn.

**A.     Bona Fide Dispute**

The Court must first determine whether the parties have provided sufficient information to determine whether a bona fide dispute exists. *Id.* at *1. "The mere existence of an adversarial lawsuit is not enough to satisfy the bona fide dispute requirement." *Id.* Sufficient information regarding a bona fide dispute consists of the following: "(1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage." *Id.*

On examination of the Motion, the Court finds that the parties have provided sufficient information in support of their assertion that a bona fide dispute exists. *Motion* [#136] at 2-4. Regarding the employer's business and the employees' work, the business is an adult entertainment establishment, and Plaintiffs in this lawsuit were formerly employed as dancers there. *Compl.* [#1] ¶¶ 7, 11. Regarding the nature of the dispute, the parties state that there is no longer a dispute over whether Plaintiffs were employees, whether Defendants were employers, or whether Defendants violated the FLSA by failing to pay Plaintiffs the appropriate minimum wage. *Motion* [#136] at 2-4. The parties do dispute the number of hours Plaintiffs worked and whether Defendants' conduct was willful, which if it were, would extend the statute of limitations for recovery by an additional year, and which could thereby greatly impact damages. *Id.* at 3-4. In light of the foregoing, the parties' briefing, the entire docket, and the Court's knowledge of the case, the Court finds that a bona fide dispute exists.

**B.    Fair and Equitable Settlement**

Second, the Court determines whether the proposed settlement is fair and equitable to all parties concerned. *Baker*, 2014 WL 700096, at *2. In making this determination, the Court considers: "(1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *Id.*

Here, the parties state that they, through counsel, "engaged in extended negotiations regarding Defendants' liability and Plaintiffs' damages." *Motion* [#136] at 4. They assert that they "negotiated their settlement at arm's length and in good faith with the assistance of Magistrate Judge Mix." *Id.* They also state that Plaintiffs "have concluded that the prospect and value of immediate recovery through the parties' settlement outweighs the risk that Defendants might enter bankruptcy, thereby staying and/or materially reducing Plaintiffs' recovery." *Id.* at 5. Thus, they conclude that "it is the opinion of the parties that the settlement is fair and reasonable." *Id.* Based on the foregoing, the Court finds that the parties have presented evidence that they fairly and honestly negotiated the settlement.

Next, the Court examines whether the settlement agreement undermines the purpose of the FLSA. *Baker*, 2014 WL 700096, at *2. The purpose of the FLSA is the protection of employees' rights from employers who generally wield superior bargaining power. *Id.* A settlement agreement's compliance with the FLSA depends on these factors: (1) presence of other similarly situated employees; (2) a likelihood that the plaintiffs' circumstances will recur; and (3) whether the defendants had a history of non-compliance with the FLSA. *Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244 (M.D. Fla.

-4-

2010)).

Here, "Plaintiffs have determined that it is in their best interest to accept a compromise settlement in order to avoid the risks associated with collection of a verdict from Defendants who have previously filed for bankruptcy and have stated that they intend to do so again . . . ." *Motion* [#136] at 5.  Further, "no other employees have filed a consent to join the lawsuit . . . ." *Id.*  Finally, "Plaintiffs are no longer employed by Defendants." *Id.*  Thus, the parties aver that the settlement does not contravene the policies of the FLSA. *Id.*  In addition, the Court notes that the Settlement Agreement [#140] is publicly available on the Court's electronic docket, so the terms of the settlement are public.  The case therefore gives notice to future plaintiffs of prior allegations of defendants' improper conduct. *Baker*, 2014 WL 700096, at *2 (citing *Dees*, 706 F. Supp. 2d at 1244-45 (noting the importance of public access to settlement agreements in FLSA cases)).  The Court therefore finds that the Settlement Agreement is fair and equitable and does not undermine the purpose of the FLSA.

**C.     Reasonable Attorneys' Fees**

Finally, the Court determines whether the proposed settlement awards reasonable attorneys' fees. *Baker*, 2014 WL 700096, at *3.  A party seeking an award of attorney's fees must demonstrate that the expenses it seeks are reasonable. *See Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007).  The Court exercises its "discretion in making this equitable judgment" and does not "apportion the fee award mechanically." *Hensley*, 461 U.S. 424, 436-40 (1983); *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and

significance of issue in dispute). Here, Plaintiffs' counsel took this case on a contingency basis and recovers $200,000, or two-fifths of the overall award. Based on Plaintiffs' counsel's risk in accepting the case on a contingency fee basis, based on the four years that counsel for Plaintiffs spent litigating this case and negotiating the settlement, and based on the undersigned's many years of combined private and judicial experience and careful consideration of the issues underlying this matter, the Court finds that $200,000 in attorney's fees is reasonable here.

**D.     Relief**

Thus, after reviewing the Motion and proposed Settlement Agreement, the Court finds that the litigation involves a bona fide dispute, that the proposed Settlement Agreement is fair and equitable to all parties concerned, and that the proposed settlement awards reasonable attorneys' fees. The Court therefore finds that the parties' Settlement Agreement should be approved.

The parties further request that the Court enter "a stipulated final judgment in this matter, the terms of which are set forth in the parties' Settlement and Release Agreement." *See Proposed Order* [#136-1]; *see also Motion* [#136] at 7 (asking the Court to enter "a stipulated judgment in this case"). However, this request is in direct contradiction to the language in Section III.F.3. of the Settlement and Release Agreement [#140], which provides in part: "A stipulation for entry of judgment . . . shall be held by Plaintiffs' counsel and may be filed if, and only if, Defendants fail to make one or more payments in full required under this Agreement . . . ." Further, Sections III.I. and III.J. contemplate administrative closure of this case and that "[a]fter Defendants have fully satisfied their obligations under this Agreement and Note is paid in full, the Parties will file a joint motion

to dismiss with prejudice all claims in the Dancers' Lawsuit . . . ." Thus, the parties' request in the Motion for entry of a stipulated final judgment is denied without prejudice based on the express terms of the Settlement and Release Agreement.

## II. Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#136] is **GRANTED in part and DENIED in part**. The Motion is **granted** to the extent that the Settlement and Release Agreement [#140] is **APPROVED** and is hereby made an **ORDER** of this Court. The Motion is **denied without prejudice** to the extent the parties ask the Court to enter a stipulated final judgment at this time.

IT IS FURTHER **ORDERED** that the Clerk of Court shall **administratively close** this case pursuant to D.C.COLO.LCivR 41.2, subject to reopening for good cause, which shall include the filing of (1) a joint motion to dismiss with prejudice, as contemplated under Section III.J. of the Settlement and Release Agreement, or (2) a stipulation for entry of judgment, as contemplated by Section III.F.3. of the Settlement and Release Agreement.

Dated: March 3, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge